Clare v. Sewell.

circumstances we do not feel warranted in reducing the judgment.

AFFIRMED.

---

RALPH CLARE, APPELLEE, V. EDWARD SEWELL ET AL., APPELLANTS.

FILED APRIL 16, 1925. No. 23058.

Attachment: DAMAGES. Evidence examined, and found insufficient to sustain the verdict for damages to a growing crop of corn by reason of a wrongful levy of an attachment.

APPEAL from the district court for Knox county: WILLIAM V. ALLEN, JUDGE. *Affirmed on condition.*

*Fred H. Free* and *W. A. Meserve,* for appellants.

*J. F. Green* and *M. F. Harrington, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Action upon the attachment bond for damages for wrongful issuance and levy of an attachment. Defendant Edward Sewell brought suit for damages against Ralph Clare, and procured the issuance of an attachment for the sum of $5,000 and had the same levied upon a drug store operated by Clare and 100 acres of growing corn, on August 16, 1920. The defendants N. A. Sewell and Frank McColley were sureties upon the bond. On November 6, 1920, upon motion of the defendant in that case, the attachment was dissolved and the property levied upon returned to the defendant herein. Later on, a demurrer was sustained to the petition in the damage suit and the same was dismissed. The plaintiff claims damages in the sum of $500 attorney's fees in securing discharge of the order of attachment, $1,800 depreciation in the value of the corn crop, and damages to the stock of goods and interruption of business, all in the total sum of $5,000, with interest from November

6, 1920. The defendants admitted the issuance and levy of the attachment and denied each and every other allegation of the petition. The case was submitted to the jury, which returned a general verdict for the sum of $2,936.19, and a special verdict under an instruction of the court finding the damages to the drug stock to have been the sum of $1,200. Judgment was rendered on the general verdict, and defendants appeal.

It was agreed upon the trial that $500 was a fair amount of damages to be allowed as attorney's fees, and the jury found that the damage to the drug store was $1,200 which, with interest to the date of the judgment $136.19, would be $1,336.19, or a total of $1,836.19. Appellants contend, therefore, and we think correctly, that the jury allowed the sum of $1,100 as damages to the crop of corn, and, further, that there is no competent evidence to sustain the verdict on this item. This is the only question presented by the appeal, the appellants contending that plaintiff should be required to remit the sum of $1,100 or that a new trial should be granted.

We think the point is well taken. We find it difficult to perceive how the value of a growing crop of corn could be injured by levying a writ of attachment upon it. The crop had not matured; it was not interfered with; it was left in the field; all the labor had been performed upon it; no portion of it was lost or destroyed, and its possession after about 75 days was returned to the owner in the same condition as when levied upon, except as it had been matured by the process of nature. The measure of damages for the destruction of a growing crop, as by flood or fire, is its value as such at the time of its destruction, taking into consideration the labor and expense of planting it and cultivating it, and the market value of the probable yield in bushels or pounds if it had matured, and the value of the use of the ground, and perhaps other similar items. But this crop was not destroyed or injured in any way. The plaintiff testified it was worth $30 an acre on the date of the levy, and was worth only $12 an acre when the at-

tachment was dissolved; but this latter figure is based upon the number of bushels gathered and the price per bushel at which it was sold in February, 1921. The proposition is ridiculous. The plaintiff seeks to sustain it upon the theory that the market price of corn had fallen from what it was in August to what the corn sold for in February, but if this is true the plaintiff has failed to convince us that the levy of the attachment had any potential effect upon the price of corn, and, of course, if it had not, the defendants would not be responsible for plaintiff's loss occasioned by the drop. It is further contended that plaintiff might have hedged his corn on the Chicago market and thereby protected himself from loss. He had never done that, and, while he says he would have done it in this instance, we think such consideration is entirely too speculative as a basis for the assessment of damages. We think the verdict is unsupported by the evidence to the extent of $1,100, and plaintiff will be required to remit that sum from the judgment within 30 days from the filing of this opinion, or the judgment will be reversed and new trial granted; otherwise, affirmed for the sum of $1,836.19, with interest from the date thereof.

If plaintiff files in this court, within 30 days, remittitur of $1,100 of the judgment, as of the date thereof, judgment of the district court will be affirmed for the sum of $1,836.19, with interest as of the date thereof; otherwise, said judgment of the district court will be reversed and the cause remanded.

AFFIRMED ON CONDITION.